## HENRY E. FICKETT *vs.* JOSEPH J. DURHAM.

A. and B. agreed orally, to buy two parcels of land on joint account; that A. should pay eight tenths of the price of the first parcel by conveying to the owner land belonging to him, and B. two tenths; and that the three tenths over one half, paid by A., should be applied towards his share of the price of the second parcel. The first parcel was bought and conveyed to the two jointly, A. conveying his land to the owner as agreed. B. afterwards bought the second parcel with his own money, and took the title in his own name. *Held*, that evidence of these facts did not raise an implied trust in favor of A. in the second parcel.

BILL IN EQUITY to enforce an alleged trust relating to lands in North Carolina. The answer denied the trust, and set up the statute of frauds. At the hearing before *Wells*, J., the plaintiff introduced evidence tending to show the following facts :

In March 1870 the plaintiff, who had previously entered into negotiations with one Barnhart, who held a lease of a gold mine in North Carolina, for the purchase of one third of his leasehold estate for $10,000, had interviews with the defendant on the subject. The defendant proposed to join him in the purchase, and the plaintiff assented. Subsequently the defendant informed the plaintiff that he had learned of a tract of land containing 61,000 acres in the same vicinity, which he could purchase for 18¾ cents per acre, and proposed that they should join in purchasing that tract. They thereupon entered into an oral arrangement to purchase jointly the one third of Barnhart's interest in the gold mine, and the tract of 61,000 acres. It was also understood between them that, in case such arrangements could be effected with those from whom the purchases were to be made, the plaintiff was to pay to Barnhart, on account of the interest purchased from him, the amount of $8000, by the conveyance to him of certain real estate of the plaintiff in New York; that the defendant should pay only the remaining $2000 of the price of that purchase ; that the $3000 thus to be paid by the plaintiff over and above his share of the purchase money thereof should be taken into account and applied towards his share of the purchase money or cost of the 61,000 acres; and that the defendant was to pay $7000 of the purchase money of the latter tract, by conveying to one Stone,

who owned it, a certain parcel of real estate of the defendant in Chelsea, in this Commonwealth, and was also to provide for the payment of all the rest of the price of that tract, except the amount of a mortgage (about $6000) to which it was subject, and which was to be assumed in the purchase.

The plaintiff conveyed his said real estate to Barnhart in payment of $8000 of the purchase money of the leasehold interest in the gold mine; the defendant paid or provided for the payment of the remaining $2000; and Barnhart conveyed the one third of his interest, as agreed, to the plaintiff and defendant jointly, by an instrument dated May 5, 1870.

After this transaction was completed, the plaintiff and defendant went to North Carolina together, visited the tract of 61,000 acres, and satisfied themselves in regard to the title; the defendant having previously employed some persons to make an examination, the expenses of which were borne by them equally. On their way home, the defendant proposed that one Sargeant should join with them in this purchase, making their shares one third each instead of one half; and the plaintiff assented. The defendant also said that he and Sargeant would probably convey part of their interest to Barnhart for some purpose; and also, that he desired to sell some portion of the tract to raise money to put up mills on the land. In order to effect these various purposes, it was arranged that the defendant should take the whole title to himself, and make the several conveyances required.

The plaintiff testified: " After the defendant obtained his deed from Stone, I proposed to have my title. He said, ' Wait till we see what Barnhart is going to do.' I said, ' Barnhart has nothing to do with my title.' The defendant left, without giving me a deed, and I have got nothing from him since."

The judge ruled that the evidence introduced by the plaintiff was not sufficient to establish a trust by implication, nor to take the case out of the statute of frauds, and reported the case for the determination of the full court. If in their opinion the plaintiff could maintain his bill on any ground, upon the pleadings and the evidence reported, the case was to stand for further hearing; otherwise, the bill to be dismissed.

*E. Merwin,* for the plaintiff. 1. The plaintiff furnished $3000 of the purchase money. The substance of the transaction was, that he advanced to the defendant $3000 for the purchase from Barnhart, for the specific purpose that the defendant should apply it, for the plaintiff's benefit, to the purchase of the land, which he afterwards purchased. The agreement and the purchase would have been a defence to any suit by the plaintiff to recover the $3000.

2. The agreement was in the nature of a partnership, and the land was charged with a trust for the benefit of the plaintiff. *Flagg* v. *Mann,* 2 Sumner, 486. *Dale* v. *Hamilton,* 5 Hare, 369. The refusal of the defendant to convey is a fraud, against which equity will relieve. *M'Culloch* v. *Cowher,* 5 W. & S. 427. *Hoge* v. *Hoge,* 1 Watts, 163, 214. *Eldredge* v. *Jenkins,* 3 Story, 181. Browne on St. of Frauds, §§ 94, 445 *a.*

3. There has been a part performance of the agreement by the plaintiff, in letting the defendant into an interest in the estate purchased from Barnhart, and in conveying his estate to Barn‑hart. Where there has been such a part performance that the parties cannot be placed *in statu quo,* the statute of frauds does not apply. *Lowry* v. *Tew,* 3 Barb. Ch. 407. *Mundy* v. *Jolliffe,* 5 Myl. & Cr. 167. *Malins* v. *Brown,* 4 Comst. 403. *Rhodes* v. *Rhodes,* 3 Sandf. Ch. 279. *Caldwell* v. *Carrington,* 9 Pet. 86. *Purcell* v. *Miner,* 4 Wallace, 513, 519. *Curtis* v. *Buckingham,* 3 Ves. & B. 168. *Tilton* v. *Tilton,* 9 N. H. 385. *Hodges* v. *Howard,* 5 R. I. 149. *Parker* v. *Smith,* 1 Coll. Ch. 608. *Sutherland* v. *Briggs,* 1 Hare, 26. *Wills* v. *Stradling,* 3 Ves. Jr. 377. *Glass* v. *Hulbert,* 102 Mass. 24, 35. Browne on St. of Frauds, § 463.

*D. C. Linscott,* for the defendant.

AMES, J. " There is no doubt of the correctness of the doc‑trine, that, where the purchase money is paid by one person and the conveyance taken by another, there is a resulting trust cre‑ated by implication of law in favor of the former. And where a part of the purchase money is paid by one, and the whole title is taken by the other, a resulting trust *pro tanto* may in like manner, under some circumstances, be created." *McGowan* v

*McGowan*, 14 Gray, 119. *Livermore* v. *Aldrich*, 5 Cush. 431. The ordinary case of trusts of this character is, where the pur chase money is paid by one party and the conveyance is made to another. " The whole foundation of the trust is the payment of the money, and that must be clearly proved. If, therefore, the party who sets up a resulting trust made no payment, he cannot be permitted to show by parol proof that the purchase was made for his benefit or on his account." *Botsford* v. *Burr*, 2 Johns. Ch. 405, 409. He may show that, although not paid by his own hand, it was substantially his money, by proof that the defendant who made the payment had agreed to lend him the money, to be repaid at an agreed time with interest, and to hold the title in the mean time as security. *Page* v. *Page*, 8 N. H. 187. But. this has been said to be a dangerous species of evidence, and the payment by the party setting up such a trust is required to be clearly proved. *Getman* v. *Getman*, 1 Barb. Ch. 499. *Kendall* v. *Mann*, 11 Allen, 15. It must clearly appear that it was the plaintiff's money when paid. *Davis* v. *Wetherell*, 11 Allen, 19.

We think that the purchase of the 61,000 acre tract cannot be said to have been made in whole or in part with the plaintiff's money, or to have been paid for with his funds. On the contrary, the defendant appears to have made what may be called a contract of barter, and to have paid for the tract by exchanging for it certain lands of his own in Chelsea, and by assuming the payment of a mortgage to which it was subject, in this way making up the sum of $13,000, which was nearly or quite equal to the agreed price. Without a payment from the plaintiff's own money, or what is equivalent to a payment from his own money, there can be no such resulting trust in his favor. The most that can be said is, that the plaintiff, having made use of certain other real estate of his own in another transaction, in such a manner as to bring the defendant in his debt to the amount of $3000, had a right to charge him with that sum in their proposed subsequent operations, and that it was so agreed between them. The law on this point is well stated by Mr. Perry in his recent work on Trusts, § 133, in those words : " The trust must result, if at all, at the instant the deed is taken and the legal title vests in the grantee. No oral agree-

Fickett *v.* Durham.

ments and no payments, before or after the title is taken, will create a resulting trust, unless the transaction is such at the moment the title passes that a trust will result from the transaction." The defendant buys the estate with his own funds and upon his own credit, and although it may be that *ex æquo et bono* he ought to allow the plaintiff to share in the advantages of the purchase, we think the court cannot compel him to do so, upon this bill, without exceeding its lawful jurisdiction. The fact that the defendant was indebted to the plaintiff in the sum of $3000, and had promised to pay him by a conveyance of an undivided share of a tract of land which was to be purchased, or had promised to purchase it on their joint account, would not be enough to make out a case in which it could be said that the plaintiff's money was used in the purchase, and that he was substantially a purchaser. The refusal of the defendant to do as he had agreed is not enough to create a resulting trust. 2 Washb. Real Prop. (3d ed.) 444.

With regard to the point taken, that there has been a sufficient part performance by the plaintiff to take the oral contract out of the statute of frauds, we do not see any ground upon which it can be maintained. There was no such connection between the two purchases as to make them essentially one transaction, and no acts done by the plaintiff in relation to the purchase from Barnhart can be said to have been done in part execution of the proposed purchase of the large tract from a different proprietor. The visiting of the land, investigation of title and payment of certain preliminary charges, were merely preparatory to the alleged agreement, and not in execution of it.

We think that the testimony offered does not make out a trust by implication of law, or take the case out of the statute of frauds, and we must therefore order the

*Bill dismissed, with costs.*