EDWARD P. PARSONS *vs.* JAMES PHELAN.

Essex. Nov. 9, 1882. — Jan. 9, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

If A. and B. make an oral contract, by which A. is to buy land by auction upon the joint account of both in equal shares, the contract is within the Gen. Sts. c. 100, § 19; c. 105, § 1; and, after the land has been conveyed to A., B. cannot maintain an action for a breach of the contract.

If a declaration alleges that the defendant agreed to bid for a parcel of land at a sale by auction, and buy one undivided half of the land in behalf of, and as agent for, the plaintiff, and the evidence is that the defendant agreed with the plaintiff to buy the land on their joint account, there is a variance.

MORTON, C. J. By the statute of frauds, no action can be brought upon a contract for the sale of lands, or of any interest in or concerning lands, unless the contract, or some memorandum thereof, is in writing. Gen. Sts. *c.* 105, § 1. And no trust concerning lands, except such as may arise or result by implication of law, can be created or declared, unless by an instrument in writing. Gen. Sts. *c.* 100, § 19.

In the case before us, the evidence tended to show that, in 1880, a parcel of land in Lynn was about to be sold by auction; and that the plaintiff and the defendant made an oral contract that the defendant should bid off and buy the estate upon the joint account of both parties, in equal shares.

It is clear upon the authorities that such a contract is within the statutes above cited; and that the plaintiff cannot enforce a trust in his favor in the land after it was conveyed to the defendant, or maintain an action at law for a breach of the contract. *Fickett* v. *Durham,* 109 Mass. 419. *Wetherbee* v. *Potter,* 99 Mass. 354. *Smith* v. *Burnham,* 3 Sumner, 435. This is the contract set out in the first count of the plaintiff's declaration, upon which the Superior Court properly ruled that he could not recover.

But the plaintiff contends that he is entitled to recover under his third count, which alleges that the defendant agreed that he would bid for and buy one undivided half of the land for and in behalf of the plaintiff, and as agent of the plaintiff. Without discussing the question whether this count sets out a contract which is not within the statute of frauds, it is enough for the

decision of this case that there was not a scintilla of evidence to show any such contract.  On the contrary, the testimony of the plaintiff, which was the only evidence in the case as to the terms of the contract, clearly shows that it was, as set out in the first count, that the defendant should buy the estate offered for sale on joint account, and it is susceptible of no other construction.

Though the effect of the contract which was made, if it had been in writing, would be that the plaintiff would become the equitable owner of an undivided half of the estate, this does not change the contract into a contract to buy an undivided half as the agent of the plaintiff.  To declare upon the contract as such creates a variance, and is a mere evasion of the statute.

The court should have instructed the jury as requested, that the contract proved was within the statute, and that the plaintiff could not maintain his action.          *Exceptions sustained.*

*C. P. Thompson & T. M. Osborne,* (*H. F. Hurlburt* with them,) for the defendant.

*S. B. Ives, Jr.,* (*R. E. Harmon* with him,) for the plaintiff.