JOHN COLLINS *vs.* BARRY SULLIVAN.

Suffolk.    March 30. — Sept. 8, 1883.    FIELD & DEVENS, JJ., absent.

A., for a sum of money to be paid him by B., agreed to assist in finding a person who would advance money to enable B. to buy land, which he had formerly owned, but which had passed into the hands of the mortgagee by the foreclosure of a mortgage thereon. B., relying upon A.'s agreement, abstained to some extent, though not entirely, from trying to get the money elsewhere. A. also dissuaded him from seeking such other assistance, with the secret intent to get the land himself; and bought the land on his own behalf with his own money, and took a conveyance of it to himself. *Held,* that these facts did not disclose enough to make A. a trustee for B., on the grounds either of agency or of fraud.

HOLMES, J. The plaintiff seeks, by this bill in equity, to charge the defendant with a trust in respect of certain land, on the strength of the following facts. The defendant agreed to help find a man who would advance money to enable the plaintiff to buy the land, and the plaintiff agreed to pay him two hundred dollars for the service. Relying upon this promise, the plaintiff abstained to some extent, although not entirely, from trying to get the money elsewhere. The defendant also dissuaded him from seeking such other assistance, with the secret intent to get the land himself. It is perhaps proper to add, that the plaintiff had formerly owned and mortgaged the land, but the mortgage had been foreclosed, and, although the land remained in the hands of the mortgagee, the plaintiff was a stranger to the title. The defendant bought the land on his own behalf, with his own money, and took a conveyance of it to himself. We do not understand that there were any other elements of fraud, or an employment of the defendant for any other purpose, than may be drawn from the facts which we have stated; and we do not think that the foregoing statement disclosed enough to make the defendant a trustee.

The plaintiff relies on the two grounds of agency and fraud. With regard to the former, it might perhaps be enough to cite such cases as *Fickett* v. *Durham*, 109 Mass. 419, and *Barnard* v. *Jewett*, 97 Mass. 87, and the proposition laid down by Lord St. Leonards, and approved by this court in *Kendall* v. *Mann*, 11 Allen, 15, 17 : " Where a man merely employs another person by parol, as an agent to buy an estate, who buys it for himself and denies the trust, and no part of the purchase money is paid by the principal, and there is no written agreement, he cannot compel the agent to convey the estate to him, as that would be directly in the teeth of the statute of frauds." Sugd. Vend. & Pur. (14th ed.) 703. *Bartlett* v. *Pickersgill*, 1 Eden, 515 ; *S. C.* 1 Cox, 15 ; 4 East, 577, note ; 4 Burr. 2255. *Davis* v. *Wetherell*, 11 Allen, 19, note. *Parsons* v. *Phelan*, 134 Mass. 109.

But it is not necessary to go as far even as that. The defendant was not employed to obtain a conveyance, but for an entirely collateral matter, — to bring the plaintiff into relations with some one who would lend him money. No case has been shown us which decides that such an employment would be

sufficient. In those which go farthest, the plaintiff had a previous interest in the land, at least honorary, as by oral agreement with the owner, and the defendant was employed for the very purpose of procuring or completing the title. *Lees* v. *Nuttall,* 1 Russ. & Myl. 53. *Parkist* v. *Alexander,* 1 Johns. Ch. 394. Here, even if the defendant was bound to do all in his power to find the plaintiff a lender, it was entirely consistent with that duty that he should compete for the purchase of the land.

Then as to fraud. *Walker* v. *Locke,* 5 Cush. 90, was much stronger than this case in a material respect, for there the property was conveyed by the plaintiff to the defendant. But we need not rely upon that decision as an authority to its full extent, or compare it with such cases as *Haigh* v. *Kaye,* L. R. 7 Ch. 469, and *Jenkins* v. *Eldredge,* 3 Story, 181; because, in any view of the law, before we can convert a man into a trustee, on the ground of fraud, we must be able to see with some reasonable certainty that his fraud was the means of depriving the plaintiff of the property which he seeks to follow. In the present case, we cannot say that it is even probable that the plaintiff was prevented from buying by the defendant's conduct. The defendant's fraudulent concealment of his intention to buy for himself, and his dissuasions from looking elsewhere for the money, only tended to diminish the plaintiff's activity in raising it. They did not stop his efforts even in that direction, and they in no way affected his relations with the vendor. Those were not entrusted to the defendant. It was for the plaintiff to watch them, and either to make an agreement, or, if he found that there was danger of the land being sold before the defendant raised the money, to get it in some other quarter if he could, which does not appear.

It was suggested that the defendant should be presumed to have obtained the money for the plaintiff, and to have bought with it. The report implies that the fact was the other way. The defendant's agreement did not bind him to raise the money, but at most to try to raise it, and he had not promised to apply it, if raised, to the purchase. The substantive grounds already discussed do not gain in strength by erecting a fiction upon them. In deciding that the plaintiff has not made out a case

for relief, we only decide that the report discloses nothing upon which a court of equity can lay hold.

*Decree dismissing the bill affirmed.*

*O. T. Gray*, for the plaintiff.

*A. Russ & E. B. Callender*, for the defendant.