JAMES H. BAILEY & others *vs.* CHARLES P. HEMENWAY
& others.

Suffolk.  January 26, 27, 1888. — June 23, 1888.

Present : MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale of Lands — Oral Agreement — Statute of Frauds — Resulting Trust — Foreign Parties — Jurisdiction.*

If a person agrees orally with three others to buy land on joint account, each to have one quarter interest in it, and all contributing unequal amounts towards the purchase money, and such person in violation of the agreement procures from the owner of the land a bond for the conveyance of two fifths thereof to himself and of one fifth to each of the others, no resulting trust will attach to such two fifths in favor of the others.

MORTON, C. J.   The bill in this case, as amended, proceeds against the defendant Sullivan alone, upon the ground that the three plaintiffs and Sullivan, all of whom were residents of Maine and partners, entered into an agreement that they would buy certain land and other property in that State, that each was to have an interest of one quarter in the purchase, and that the defendant came to Boston, and, in violation of the agreement, procured a bond from the owners of the land and property, conditioned that they should convey the same, one fifth to each of the plaintiffs and two fifths to the defendant; and it alleges that the plaintiffs respectively furnished money and credits requisite for making said purchase in the proportion of one fourth each.   The prayer is, that the court decree that the defendant holds one twentieth of the said two fifths interest which he has under said bond as the trustee and for the sole benefit of each of the plaintiffs.   The defendant pleads the statute of frauds, alleging that the subject of the agreement was principally land, and that the alleged agreement was not in writing and there was no memorandum or note thereof in writing, and denying that the plaintiffs furnished each one quarter of the money and credits necessary for the purchase.   The master to whom the case was referred has found that an oral agreement was made substantially as alleged in the bill, and that it was not reduced to writing, and no memorandum or note thereof in writing was signed by the defendant, and that the property purchased was principally land.

The statutes of Maine, like those of this Commonwealth, provide that no action shall be maintained upon any contract for the sale of lands, or any interest in or concerning them, unless the contract or some memorandum thereof is in writing and signed by the party to be charged; and that there can be no trust concerning lands, except trusts arising or resulting by implication of law, unless created or declared by some writing signed by the party or his attorney.

It is clear that the agreement in question, as it relates principally to land, is within the statute of frauds, and that no trust in the land, or in the equitable title acquired by the defendant under the bond, can be enforced against him, unless there is a trust arising or resulting by implication of law.   The doctrine

in regard to resulting trusts is settled by numerous decisions, a few only of which need be referred to. When the money for the purchase of land is paid or furnished by one person, and the deed is taken in the name of another, there is a resulting trust created by implication of law in favor of the former. It is also true, that when one person pays the money for a specific share, an aliquot part of the land, such as one half or one quarter, or other fixed fraction of the whole, and the title to the whole is taken in the name of another, a trust results in favor of the former for such aliquot part. But a general contribution of a sum of money towards the entire purchase is not sufficient to produce this result. When, therefore, one makes an oral contract with another that the latter shall buy land, on joint account, and he in violation of the contract takes the deed to himself, no trust results in favor of the former as to one half of the land, unless it is shown that he furnished the money for the one half, — in other words, that it was bought with his money. *McGowan* v. *McGowan*, 14 Gray, 119. *Fickett* v. *Durham*, 109 Mass. 419. *McDonough* v. *O'Niel*, 113 Mass. 92. *Parsons* v. *Phelan*, 134 Mass. 109. *Collins* v. *Sullivan*, 135 Mass. 461. *Dudley* v. *Bachelder*, 53 Maine, 403. *Smith* v. *Burnham*, 3 Sumner, 435.

These principles are decisive of the case at bar. The plaintiffs and the defendant entered into an agreement that the latter should purchase the land in question on their joint account, each to have one quarter interest in the purchase. There was no written contract and no memorandum in writing signed by the defendant. He took a bond for a deed of the land, by which he was to have two fifths and each of the plaintiffs was to have one fifth. There being no memorandum in writing, no trust can arise or be attached to the two fifths held by the defendant, unless the facts show a resulting trust by implication of law. To produce this result, it must appear that each of the plaintiffs contributed and furnished one quarter part of the money and credits paid for the bond. The master has stated in detail the manner in which the defendant raised the money and credits necessary to procure the bond. Without going into particulars, it is enough to say that it was not obtained by each of the parties paying or furnishing an aliquot fourth part. The plaintiffs

each made a general contribution for the purpose, varying in amount; the defendant contributed part and raised a part by a mortgage of his personal property, and a part was furnished by the firm of which the parties are members. Upon no aspect of the evidence can it be held that each contributed a quarter part of the purchase money, so that the plaintiffs can claim that it was their money and credits, in the proportion of one quarter each, which purchased the land or the bond.

The fact that they afterwards offered to equalize the payments, or, as the master states, "to indemnify and reimburse Sullivan any contribution he had made in excess of one fourth," is of no avail, except as evidence that one fourth had not been furnished by each. A resulting trust depends upon the fact that the money of the person claiming it was used in the purchase, and it cannot be raised by any future payments or tender. The trust, says Chancellor Kent, results from the original transaction at the time it takes place, and at no other time, and it is founded on the actual payment of the money, and on no other ground. It cannot be mingled or confounded with any subsequent dealings whatever. *Botsford* v. *Burr,* 2 Johns. Ch. 405. *Richards* v. *Manson,* 101 Mass. 482.

We are, for these reasons, of opinion that there was no trust resulting by implication of law upon which this bill can be maintained. In view of the result we have reached, the defendant's claim that, this being a case of foreign parties litigating respecting land in another State, the court ought in its discretion to refuse to entertain jurisdiction, need not be discussed at length. There is no doubt that the court has jurisdiction, and as the case has been fully heard, we have deemed it best to decide it upon its merits.

*Bill dismissed.*

*E. R. Hoar & T. H. Talbot,* for the plaintiffs.
*W. G. Russell & J. B. Richardson,* for the defendant.