[No. 11580.  Department One.  March 9, 1914.]

JOHN HERRIFORD, *Appellant*, v. ALVIS HERRIFORD *et al.*,
*Respondents.*[1]

TRUSTS—RESULTING TRUSTS—ESTABLISHMENT— EVIDENCE — SUFFI-
CIENCY.  A resulting trust in lands, from the fact that a minor ad-
vanced the money to his father, who purchased and agreed to con-
vey the lands to the son when he attained majority, must have arisen,
if at all, when the deed was taken; and is not established by clear,
cogent and convincing evidence, where the father denied the agree-
ment, testifying that he purchased with his own money and wages
of the son earned while a minor, the father held adversely for over
twenty years and paid all the taxes, and was corroborated by other
witnesses, and the son made no claim for more than ten years after
attaining majority.

ADVERSE POSSESSION—RESULTING TRUST.  An action to establish
a resulting trust in lands cannot be maintained more than ten years
after the plaintiff became of age, where for over twenty years the
defendants had been in open, notorious, exclusive adverse possession
under color of title and claim of right, and had paid all the taxes;
since the defendants had title by adverse possession.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered April 28, 1913, upon findings in ·
favor of the defendants, in an action to quiet title, tried to
the court.  Affirmed.

*J. E. Willis*, for appellant.
*Forney & Ponder*, for respondents.

GOSE, J.—This is an action to establish and enforce a
resulting trust in a forty-acre tract of land, in Lewis county.
The decree quieted the title in the defendants, subject to a
lien in favor of the plaintiff for the sum of $200, without
awarding costs to either party.  The plaintiff prosecutes the
appeal.

The appellant is a son of the respondent Alvis Herriford
and Martha Ellen Herriford, who deceased in May, 1910.

[1]Reported in 139 Pac. 212.

The respondents Felix, William and Nellie Herriford, and Rosa Clouting, are, respectively, the brothers and sisters of the appellant, and the respondent Howard Burgess is his nephew, being a son of a deceased sister.

The complaint alleges, in substance, that, about the year 1888, the appellant, then a minor about eighteen years of age, furnished his father the money with which to purchase the land in controversy; that the father purchased the land; that he received a deed of conveyance in his own name in the month of September, 1890; that the father, at the time the money was advanced, promised and agreed to convey the land to the appellant as soon as he had become of lawful age; that the appellant, upon attaining his majority, about the year 1891, and frequently thereafter, requested the father to convey the land to him, and that the latter always promised but "neglected and refused to have the title conveyed to the plaintiff." The answer joined issue upon these averments, and affirmatively alleged, (a) that, for more than ten years prior to the commencement of the action, the defendants have been in the actual, visible, open, notorious, uninterrupted, and exclusive possession of the premises, under claim of right and color of title, made in good faith and adverse to the appellant and to all the world; (b) after alleging such hostile possession for more than seven years, that, during such period, the defendants had and have a connected title, both in law and equity, deducible of record from the United States; (c) after alleging such possession for more than twenty years continuously under claim and color of title made in good faith, that the defendants have, during all of such times, paid all taxes assessed against the land, and that they assert title under a warranty deed conveying a fee simple title. The reply traversed the new matter set forth in the answer. The appellant attained his majority on the 9th day of April, 1891. The findings, while not altogether consistent, are substantially to the effect, that the agreement between the father and son was "vague and indefinite;" that it is un-

certain who paid the first $50 upon the land, or whether it was all furnished by either party; that, in September, 1890, at the time of the final payment, the appellant then being of full age, furnished $140 of the purchase price, and the father furnished the remainder, amounting to $41.50; that the property is of the value of $1,300; that, from 1887 to 1910, the father resided upon the premises with his family and was "in actual, open, visible, notorious possession" of the same, and that the father has paid all taxes on the land from the time he received the contract (1887 or 1888) until the present time.

We have recently had occasion to consider the elements required to raise a resulting trust. *Croup v. DeMoss, ante* p. 128, 138 Pac. 671. We there said:

"If such a trust ever existed, it arose immediately upon the execution of the papers by which the title passed from Scales to DeMoss. It vested the instant the deed was taken, or not at all. It could not result from a prior oral agreement alone, or from subsequent payment or tender of the purchase price by the appellant. 1 Perry, Trusts (6th ed.), § 135; *Bowen v. Hughes*, 5 Wash. 442, 32 Pac. 98. It must have arisen, if at all, either by the payment of the entire purchase price by the appellant at the time the option was taken up and the deed made, in which case the title to the entire one-fourth interest would be held in trust for the appellant, or it must have arisen *pro tanto* by the payment of an aliquot part of the purchase price by the appellant, in which case it would vest an equitable title to an aliquot part of the one-fourth interest proportional to such payment."

We have also held that one may establish a resulting trust in real estate by parol testimony. *Arnold v. Hall*, 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349; *Kinney v. McCall*, 57 Wash. 545, 107 Pac. 385; *Croup v. DeMoss, supra.* We have further held, in harmony with the universal rule, that the evidence to establish a trust must be clear, cogent, and convincing. *Denny v. Holden*, 55 Wash. 22, 103 Pac. 1109.

Upon the question of the original contract, the appellant testified that he advanced the purchase price upon the distinct understanding with the father that the title should be taken in the name of the latter and held in trust for the former until he became of age, when it was to be conveyed to him. The father said that he himself paid the first $50 upon the purchase price of the land; that he later paid $140 from wages earned by the appellant while a minor, and the remainder, $41.50, was paid from his own money, and denied the contract and the trust *in toto*. The appellant further testified that his ownership of the land was a subject of frequent family conversation. The respondents said that they never heard of the appellant's claim of ownership until the summer or fall of 1912. The appellant said: "I was in command [of the premises]; whatever I said was done." The respondents are a unit in saying that he exercised no authority over the premises when at home, and that he was absent most of the time after 1895, several times in Alaska, at another time in Australia and New South Wales, and at another time in the state of Idaho. The appellant admits that, during this period, his legal residence for six years was upon his homestead in Cowlitz county. A number of the neighbors testified that the father had said to them that the land belonged to the appellant.

In respect to the several defenses of adverse possession, it is sufficient to say that six witnesses, the father, brothers, sisters, and nephew of the appellant, testified to facts showing the exclusive, continuous, and adverse possession of the father from 1888 to September, 1910, at which time he conveyed his interest to his son Felix, and that, during all ·this period, the father paid all the taxes assessed against the property. If their testimony is to be believed, the appellant when at home lived there only as a member of the family, the same as the other children, the father at all times directing and controlling the farm.

Upon the entire record, we are of the opinion, (1) that the evidence offered to establish the trust is not clear, cogent, and convincing, and (2) if it were, that the respondents have established title by adverse possession.

It is contended that the court erred in refusing to award costs to the appellant. The matter of costs, in the light of the entire record, was a matter resting within the discretion of the trial court. *Croup v. DeMoss, supra.*

Affirmed.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.