ALBERT SALTER & another *vs.* JOSEPH BEAL & another.

Suffolk. November 6, 1946. — March 4, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Trust,* Constructive trust. *Fiduciary. Equity Jurisdiction,* To reach and apply.

No constructive trust in machinery in the possession of the defendant in a suit in equity arose for the benefit of the plaintiff by reason of the facts that the plaintiff, having no knowledge of the value of such machinery, for consideration employed the defendant to appraise the machinery, then in the possession of a third person, and to report whether a certain amount was a fair and advantageous price for it and whether the machinery should be purchased at that price; that the defendant was qualified to make the appraisal and assured the plaintiff that he would appraise in good faith and that the plaintiff could rely upon his judgment and representations and could repose in him confidence and trust; that the defendant, for the purpose of obtaining the machinery for himself, knowingly and falsely reported that the amount stated by the plaintiff was not a fair price and that a less amount was fair; that the plaintiff, in reliance on the defendant's report, unsuccessfully attempted to purchase the machinery at the lower price; and that the defendant then purchased the machinery

for himself at a price in excess of the amount the plaintiff had stated to him.

A suit in equity cannot be maintained to reach and apply corporate stock in satisfaction of a claim merely for nominal damages for breach of contract.

BILL IN EQUITY, filed in the Superior Court on April 5, 1946.

A demurrer to the bill was heard by *Dowd*, J., and was overruled; and the case was reported to this court.

*F. T. Leahy*, (*P. Pinkney* with him,) for the defendants.

*A. T. Wasserman*, for the plaintiffs.

QUA, J. The plaintiffs seek to establish a constructive trust in certain machinery alleged to have been purchased by the defendant Beal and to have been conveyed by him to the defendant Mason Machine Works Company. It is alleged that the company took the machinery with notice of the plaintiffs' rights. The trial judge overruled a demurrer by the defendants and reported the question to this court. G. L. (Ter. Ed.) c. 214, § 30.

The principal issue is whether the allegations of the bill are sufficient to show that the defendant Beal, hereinafter called the defendant, came into such a fiduciary relation toward the plaintiffs and was guilty of such a breach of that relation that in law he became a constructive trustee of the machinery for the benefit of the plaintiffs.

The allegations of the bill on these points, stripped of all conclusions of law, are in substance these: The machinery, which was located in a plant at Taunton, had been offered to the plaintiffs for $25,000. The plaintiffs had no knowledge of the value of such machinery, and were wholly without experience or ability in appraising it. On or about September 5, 1940, the plaintiffs, "for consideration," employed the defendant, who was engaged in the used machinery business and was thoroughly familiar with the value of the machinery in question, to appraise it for the plaintiffs and to report whether $25,000 was a fair and advantageous price and whether the machinery should be purchased at that price, the defendant "assuring the plaintiffs that he would in good faith appraise the machinery . . . and that

they could rely upon his judgment and representations and could repose in him confidence and trust." Shortly thereafter the defendant reported that he had appraised the machinery; that the price of $25,000 was not fair or advantageous but was excessive; and that in his opinion $20,000 was a fair price. He urged the plaintiffs not to offer more than $20,000. The plaintiffs offered that price but could not effect a purchase. The defendant's report was false, as he knew when he made it. He made it to deceive and defraud the plaintiffs and for the purpose of dissuading them from buying the machinery, so that he could obtain it for himself. The plaintiffs relied upon the report and upon the defendant's knowledge, ability and good faith as an appraiser. The defendant in fact appraised the machinery for a sum far in excess of $20,000. It was fairly worth at the time $100,000. In October, 1940, the defendant himself purchased the machinery for $28,000.

Taking these allegations at their face value, as for present purposes we must, there might be on general principles ground for argument that the defendant had entered into a relation of trust and confidence with the plaintiffs and had violated his trust. *Reed* v. *A. E. Little Co.* 256 Mass. 442. But we do not pursue that argument, since we think that a long course of decision in this Commonwealth in closely related cases precludes us from reaching the result desired by the plaintiffs. It must be regarded as settled that if the plaintiffs had employed the defendant actually to buy the machinery in their behalf and he had bought it for himself instead with his own money no constructive trust would have arisen in favor of the plaintiffs. The cases are collected in the footnote.[1] They include opinions written by distinguished judges. They have been criticized. Scott on Trusts, § 499, at page 2417. There are authorities elsewhere to the contrary, but this court, while recognizing that fact,

[1] *Kendall* v. *Mann*, 11 Allen, 15, 17. *Davis* v. *Wetherell*, 11 Allen, 19, note. *Barnard* v. *Jewett*, 97 Mass. 87. *Fickett* v. *Durham*, 109 Mass. 419. *Parsons* v. *Phelan*, 134 Mass. 109. *Bailey* v. *Hemenway*, 147 Mass. 326. *Emerson* v. *Galloupe*, 158 Mass. 146. *Bourke* v. *Callanan*, 160 Mass. 195. *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547. *Kennerson* v. *Nash*, 208 Mass. 393, 397. *Southwick* v. *Spevak*, 252 Mass. 354. *McDonald* v. *Conway*, 254 Mass. 429. *Cann* v. *Barry*, 293 Mass. 313, 316.

has heretofore felt bound to adhere to its own decisions. *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547, 552. It is true that these cases involve land, and that they are largely rested upon the statutes of frauds or upon the absence of a resulting trust, but it cannot be supposed that the court would have allowed the statutes of frauds to stand in the way of a constructive trust, or would have stressed the absence of a resulting trust, if the court had believed that a mere engagement to buy property for another, without more, would create a fiduciary relation for breach of which a constructive trust would arise, and some of the later decisions particularly show that the court rejected the theory of a constructive trust arising in that situation. The cases cited in the footnote must be considered authority for the proposition that a mere engagement to buy in behalf of another without more is not deemed in this Commonwealth to create a fiduciary relation. The question was most recently discussed in *Cann* v. *Barry*, 293 Mass. 313, where we said, on page 316, "It is settled in this Commonwealth that no implied or constructive trust arises merely because the defendant has agreed orally to buy land as the plaintiff's agent and then has repudiated the obligation and kept the land for himself," though in that case facts other than the bare promise to buy in the plaintiff's behalf were found sufficient to establish a fiduciary relation. And in *Collins* v. *Sullivan*, 135 Mass. 461, it was held that there was no constructive trust where the plaintiff had employed the defendant to help find a man who would advance money to enable the plaintiff to buy. See *Fletcher* v. *Bartlett*, 157 Mass. 113.

Inasmuch as no constructive trust would have come about had the defendant been employed to buy the machinery for the plaintiffs, or to secure financing for such a purchase, we do not see how we could consistently hold that such a trust arose when the defendant was employed only to appraise the machinery. It must be remembered that the defendant had not been entrusted with any property of the plaintiffs or so far as appears with any confidential information; that he owned nothing jointly with them; that he was not as-

sociated with them in any common enterprise or joint venture; and that he was not even their agent. Any fiduciary relation would have to arise solely out of the employment to make a single appraisal on a particular occasion. Under the cases cited we must hold that that was not enough.

The plaintiffs further contend that the bill can be maintained as a bill to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (8), the stock held by the defendant Beal in the defendant Mason Machine Works Company. If there are sufficient allegations as to Beal's ownership of stock, there are nevertheless no sufficient allegations on which to maintain any claim for damages apart from a constructive trust, unless possibly for damages for breach of contract, which so far as appears were nominal only. It does not appear that the plaintiffs could have or would have bought the machinery if the defendant Beal had fairly reported its value. Any right to the accounting prayed for depends upon the existence of a constructive trust. Chapter 214, § 3 (8), creates no substantive rights. *McCarthy* v. *Rogers*, 295 Mass. 245, 247. *Hurley* v. *Boston Railroad Holding Co.* 315 Mass. 591, 619. Suits in equity are not maintainable solely to recover nominal damages. *Fred T. Ley & Co. Inc.* v. *Sagalyn*, 302 Mass. 488, 495. See *Package Confectionery Co. Inc.* v. *Perkit*, 281 Mass. 554, 556.

The interlocutory decree overruling the demurrer must be reversed, and a decree must be entered sustaining the demurrer.                    *So ordered.*