HENRY P. EMERSON & another *vs.* FRANCIS E. GALLOUPE & another.

Suffolk. December 6, 1892. — January 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Equity — Declaration of Trust — Statute of Frauds — Implied Trust — Report.*

A., B., and C. agreed orally to attempt to purchase D.'s estate, at a price not to exceed $50,000. A. and B. were each to furnish one quarter, and C. one half, of the purchase money, and a syndicate, in which A. and B. were each to have one quarter interest and C. was to control one half, was to be formed for the development of the land. C. undertook to make the purchase, and, in violation of his agreement with A. and B., made the negotiation in his own behalf, and

obtained from D. an agreement for a conveyance to C. for the sum of $42,000, of which $30,000 might remain upon mortgage. C. informed A. and B. that he had made the purchase, but concealed from them the price and the fact that the agreement was in his own name, and led them to believe that the purchase had been made pursuant to his agreement with them, and for the sum of $48,000. Giving them to understand that he was proceeding to form the syndicate, C. then drew up, in his own handwriting, and exhibited to them, a form of agreement for subscribers to a syndicate, in which the equity of the estate was capitalized at $18,000, and the further sum of $2,000 was added for the expense of constructing a street and other incidental expenses, and in which of the $20,000 thus made up one fourth was allotted to each A. and B. This form of agreement contained the name of C., in his own handwriting, as one of the syndicate, but was not otherwise signed, and later he refused to carry out its conditions and destroyed the paper. A. and B. then brought a bill in equity against C. and D. to declare a trust. Upon these facts, the Superior Court ruled that there was no sufficient writing to constitute a valid agreement between C. and the plaintiffs, nor any sufficient declaration of trust; and entered a final decree dismissing the bill without costs to C. *Held*, upon a report of the case, that the decree should be affirmed.

BILL IN EQUITY, filed in the Superior Court on October 26, 1891, by Henry P. Emerson and Frank D. Allen, against Francis E. Galloupe and Francis W. Breed, to declare a trust. The case was heard by *Mason*, C. J., and reported, at the request of the plaintiffs, for the determination of this court. The facts appear in the opinion.

*G. A. O. Ernst*, for the plaintiffs.

*J. B. Lord*, for the defendants.

BARKER, J. The plaintiffs and the defendant Galloupe orally agreed to attempt to purchase the defendant Breed's estate at a price not to exceed fifty thousand dollars. Each plaintiff was to furnish one quarter, and Galloupe one half, of the purchase money, and a syndicate, in which the plaintiffs were each to have one quarter interest and Galloupe was to control one half, was to be formed for the development of the land. Galloupe undertook to make the purchase, and, in violation of his agreement with the plaintiffs, made the negotiation in his own behalf, and obtained from Breed an agreement for a conveyance to himself for the sum of forty-two thousand dollars, of which thirty thousand dollars might remain upon mortgage. He informed the plaintiffs that he had made the purchase, but concealed from them the price and the fact that the agreement was in his own name, and led them to believe that the purchase had been made pursuant to his agreement with them, and for

the sum of forty-eight thousand dollars. Giving them to understand that he was proceeding to form the syndicate, he then drew up, in his own handwriting, and exhibited to them, a form of agreement for subscribers to a syndicate, in which the equity of the estate was capitalized at eighteen thousand dollars, and the further sum of two thousand dollars was added for the expense of constructing a street and other incidental expenses, and in which of the twenty thousand dollars~thus made up one fourth was allotted to each of the plaintiffs. This form of agreement contained the name of Galloupe, in his own handwriting, as one of the syndicate, but was not otherwise signed; and later he refused to carry out its conditions and destroyed the paper. Upon these facts, the presiding justice ruled that there was no sufficient writing to constitute a valid agreement between Galloupe and the plaintiffs, nor any sufficient declaration of trust; and entered a final decree dismissing the bill without costs to Galloupe.

Galloupe repudiated and violated his agreement with the plaintiffs from the outset, and made the negotiation with Breed for himself alone. He has not acted as trustee for the plaintiffs, nor as their agent, but solely for himself; the plaintiffs have no rights founded on anything which he has done for them, but must recover, if at all, on the fact that, having agreed to act in part for them, he has violated that agreement and acted solely for himself. The agreement was within the statute of frauds, and no trust in the equitable title acquired by Galloupe can be enforced, unless a trust arose or resulted by implication of law. Pub. Sts. c. 78, § 1, cl. 4; c. 141, § 1. It is contended that such cases fall within the exception of trusts which may arise or result by implication of law. But we cannot construe that exception as extending to a trust which arises from the plain words of a contract, merely because the words promise it by implication, instead of setting it forth at needless length. When a man promises to buy land for another, he promises to hold it for that other after he has bought it, and it makes no difference in the applicability of Pub. Sts. c. 141, § 1, whether the latter promise is uttered in separate words or not. *Collins* v. *Sullivan*, 135 Mass. 461, and cases cited. *Bailey* v. *Hemenway*, 147 Mass. 326, 328. While there is some conflict of

authority upon this point, we are content with the doctrine as settled here by the cases cited. See *Burden* v. *Sheridan*, 36 Iowa, 125; *Nestal* v. *Schmid*, 2 Stew. 458; *James* v. *Smith*, [1891] 1 Ch. 384 (Kekewich, J.); *S. C.* 65 L. T. (N. S.) 544; *Rose* v. *Hayden*, 35 Kans. 106; *Ryan* v. *Dox*, 34 N. Y. 307; *Heard* v. *Pilley*, L. R. 4 Ch. 548.

The single question presented by the report is whether the document drawn up by Galloupe, and exhibited to the plaintiffs, was a signed declaration of trust. The language of the report will not justify us in holding, either that it was signed by Galloupe, or that it contained any admission that the plaintiffs were jointly interested in the purchase. The document is found to have been merely a form of agreement for subscribers to a syndicate; in other words, a proposal consistent with the claim of Galloupe that he was the only person then interested in the purchase. The fact that it has been destroyed by Galloupe gives us no power to change the finding of facts reported. It is to be presumed that the justice who made the finding gave due weight to every circumstance which would tend to show that the document was a sufficient memorandum; but when he was unable to find more than that an unsigned form of agreement for subscribers to a syndicate had been exhibited, he could not do otherwise than rule as he did. There is abundant reason why Galloupe should not have costs.

*Decree affirmed.*