MICHAEL R. CULBERT *vs.* FRED A. HALL & others.

Suffolk. December 9, 1901. — March 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice*, Refusal to frame issues. *Discretion of Court.*

A party to a suit in equity asking this court to revise the discretion of a judge of the Superior Court in refusing to frame issues for a jury in order to prevail must show that the issues of fact could be more satisfactorily tried by a jury than by the judge and that the judge in refusing to frame issues did not exercise his discretion rightly.

In a suit in equity the answers were filed June 12. Two days later the judge ordered the pleadings completed forthwith and the cause set down for hearing on the merits for the week beginning June 18. The plaintiff filed replications on July 5, and on August 8 filed a motion for the framing of issues for a jury. The motion was denied. *Held*, that the delay in making the motion alone was enough to justify the denial.

LATHROP, J. This is a bill in equity to remove a cloud upon the title to a parcel of land in Nantucket. It does not appear to be brought under the St. of 1893, c. 340, but under the general jurisdiction in equity which the Superior Court has had since the St. of 1883, c. 223. See *Clouston* v. *Shearer*, 99 Mass. 209; *Smith* v. *Smith*, 150 Mass. 73.

The plaintiff's title is derived from a sale in pursuance of a levy of execution upon the land, and a sheriff's deed dated

December 28, 1899.   The land was attached on mesne process on August 1, 1898, as the property of one Chase.   The alleged cloud upon the title was a mortgage of the land from Chase to the first named defendant, dated October 14, 1891, and purporting to secure a debt of $5,000.   The question raised by the pleadings was whether this mortgage was without consideration, and made to cover and conceal the property from the creditors of Chase.

The case comes before us upon an appeal from an interlocutory decree of the Superior Court denying a motion of the plaintiff that issues be framed for a jury.   The case was afterwards heard upon its merits in the Superior Court, and a decree entered dismissing the bill.

The plaintiff concedes that he has no constitutional right to have issues framed for a jury, and that his application must be addressed to the discretion of the court.   In this he is right.   The matter has been considered so lately by the court in *Parker* v. *Simpson*, 180 Mass. 334, that it needs no further discussion.   The judge of the Superior Court in his discretion refused to grant issues.   We, no doubt, have the power to revise his discretion.   *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45.   *Harris* v. *Mackintosh*, 133 Mass. 228.   But the language of the court in *Ross* v. *New England Ins. Co.* 120 Mass. 113, 117, which was a bill in equity to reform a policy of insurance, is applicable here.   It was there said by Chief Justice Gray : "But in the present case it is the plaintiff who moves for an issue to a jury ; and his motion only is before us, without any evidence that his suggestion of mistake in the written contract between the parties has any foundation, or any circumstances indicating that the matter can be more satisfactorily tried by a jury than by the court.   He therefore fails to show any reason why a trial by jury should be directed upon the issues tendered."

The case before us comes also within the case of *Bourke* v. *Callanan*, 160 Mass. 195.   The answers in the present case were filled on June 12, 1900.   Two days afterwards the judge ordered the pleadings to be completed forthwith and the cause set down for hearing on the merits for the week beginning June 18.   The replications were not filed until July 5, and the

motion for issues was not filed until August 8. It was denied on September 21. The final decree dismissing the bill was entered on March 14, 1901. It was said by Mr. Justice Holmes in *Bourke* v. *Callanan,* " The plaintiff's appeal from the order overruling his motion to frame issues for a jury cannot prevail. The motion was addressed to the discretion of the court, *Ross* v. *New England Ins. Co.* 120 Mass. 113, 117, and we cannot say that the discretion was not exercised rightly. The delay in making the motion is enough to justify the order, without more. The case had been marked for hearing six weeks, and the juries had been excused before the motion was made. The plaintiff's omission to file his replication does not better his case. *Stratton* v. *Hernon,* 154 Mass. 310, 312."

We find nothing in the case before us to indicate that the issue of fact could be more satisfactorily tried by a jury than by the court, nor anything to show that the judge did not exercise his discretion rightly ; and the facts in regard to the delay in making the motion are very similar to those in the case we have just cited.

The order must therefore be

*Decree affirmed.*

*J. W. Titus,* for the plaintiff.
*W. B. French,* for the defendant.