MAGGIE ROLIKATIS vs. CHARLES W. LOVETT.

Essex.    November 6, 1912. — February 3, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DE COURCY, JJ.

*Attorney at Law.  Trust,* Constructive. *Equity Jurisdiction,* For an accounting, Laches.  *Interest.*

Where a woman client of an attorney at law, reposing trust and confidence in such attorney, employs him to attend a foreclosure sale of real estate and to purchase the property in her name to protect her interests, and the attorney, instead of doing this, causes the property to be purchased at the sale for his own benefit and afterwards sells it at a profit, for which he refuses to account to his client, he holds the proceeds of the sale subject to a constructive trust for the benefit of his client, who can maintain against him a suit in equity for an accounting.

In a suit in equity by a woman against an attorney at law for an accounting for the income and profits derived from certain real estate, which the defendant wrongfully had bought for his own benefit at a foreclosure sale when he had been employed by the plaintiff to buy it for her in order to protect her interests, where it appears that the bill was not filed until a year and nine months after the defendant's purchase of the real estate, but that the plaintiff was of foreign birth and unacquainted with the English language, that during the time of such delay she had implicit faith in the defendant's honesty of purpose and believed from his conduct and statements that he had acted in her behalf, and that when the defendant refused to recognize her rights and claimed the property as his own she brought the suit, *it seems* that such lapse of time would not be a bar to the bill, even if the defense of laches were pleaded and therefore were open to the defendant, which here it was not.

In a suit in equity by a woman against an attorney at law for an accounting for the income and profits derived from certain real estate, which when employed by the plaintiff as his client to purchase for her he wrongfully had

purchased for his own benefit, the defendant is not entitled in such accounting to be allowed interest on the amount of the price paid by him for the real estate, because, having committed wilfully a breach of trust to the disadvantage of the plaintiff, he should not be permitted to receive compensation in the form of interest.

BILL IN EQUITY, filed in the Superior Court on March 21, 1910, alleging that in June, 1908, the husband of the plaintiff was the owner of a certain parcel of land with a dwelling house thereon on Elmwood Avenue in Lynn, then of the value of $2,000 and subject to a mortgage for $1,100; that, the plaintiff's husband having deserted her, the assignee of the mortgage instituted foreclosure proceedings and the plaintiff retained the defendant, who was an attorney at law, to attend the foreclosure sale and to purchase the property in her name, which he agreed to do; that in June, 1908, the defendant attended the sale and informed the plaintiff that he had bought the property for her; and that the plaintiff at the defendant's request allowed him to collect the rents from the property and pay for certain repairs thereon and to pay interest, taxes and other charges against the property; that thereafter from time to time the plaintiff demanded an accounting and that at each such request the defendant assured her that he was protecting her interests and that in proper season he would account to her fully; that in February, 1910, the plaintiff demanded an accounting, and that the defendant then for the first time informed her that the property did not stand in her name and declared that she had no interest in it and refused to account to the plaintiff for the rents and profits; that the plaintiff was informed and believed that the defendant, instead of having the title to the property taken in the name of the plaintiff, had it taken in the name of one Jordan, a clerk or employee of the defendant, who held it solely for the benefit of the defendant, and that on January 18, 1910, the defendant had caused the property to be conveyed by Jordan to one Ryback, from whom the defendant received in payment certain cash and a second mortgage, which the plaintiff averred on information and belief to amount together to $2,000. The plaintiff further averred her willingness to pay to the defendant any sum which might be due to him to entitle her to obtain the relief sought, and prayed that the defendant should be enjoined from assigning or disposing of

the mortgage from Ryback and that he should be ordered to assign such mortgage to the plaintiff; that the defendant should be ordered to account to the plaintiff for all rents, income and profits received by the defendant or his agent from the property in question and to pay to the plaintiff all moneys due upon such accounting; and for further relief.

The case was referred to Charles Neal Barney, Esquire, as master. The master's report contained the following summary of his findings:

"In view of the foregoing facts, I find on the whole case that the purchase at the foreclosure, by the defendant Lovett for himself, of the property which is the subject matter of this action was a violation of his fiduciary relation to the plaintiff and results in equity in such a constructive trust as entitles the plaintiff to an accounting for the profit that may have accrued to the defendant in the transaction.

"I find on such accounting that the defendant should be charged with $1,173.61 (being the amount received by him from the increase in the mortgage, from the gross rent receipts, and from the sale of the equity in January, 1910); and should be allowed $773.39 (being the purchase price of the equity and the disbursements on the property between June 1908 and February 1910 as hereinbefore set forth), together with $122 (being the amount found due him for his services in connection with the management thereof during said period). That is to say, I find upon the whole accounting that the defendant should pay to the plaintiff the sum of two hundred seventy-eight dollars and twenty-two cents ($278.22)."

The case was heard by *Dana*, J., upon the defendant's exceptions to the master's report. At the hearing the defendant asked the judge to make certain rulings. The judge overruled the exceptions to the master's report, and refused to make the rulings requested by the defendant. The defendant alleged exceptions, raising the questions which are stated in the opinion.

The case was submitted on briefs.

*N. D. A. Clarke*, for the defendant.

*W. H. Niles*, for the plaintiff.

BRALEY, J. The evidence not having been reported, the master's findings of fact are conclusive, and it follows that, when the

defendant, an attorney at law, acquired the property which is the subject of this suit, the fiduciary relation of attorney and client existed between the parties. It further appears that his attendance at the sale was upon an understanding and arrangement that he should safeguard the plaintiff's interests, and bid off the property for her, and the master unhesitatingly finds that instead he took advantage of the opportunity to obtain the title for himself. A clear breach of the trust and confidence which she had reposed in him is shown by the report. The extent and nature of this relation and the scrupulous care which should be exercised by the court, when the validity of transactions where the attorney acquires the property of his client, or property which he has engaged to procure for his client, are under review, have been so recently pointed out that further discussion is unnecessary. *Hill* v. *Hall*, 191 Mass. 253. *Kelly* v. *Allin*, 212 Mass. 327. *Manheim* v. *Woods, ante,* 537.

It is true that the plaintiff, although prepared to advance the purchase price, did not do so, and consequently there is no resulting trust. *Bourke* v. *Callanan*, 160 Mass. 195. But, whenever an attorney at law, who is retained or employed to purchase, buys the property indirectly on his own account without the client's assent, as in the case at bar, a constructive trust arises, and he will be held to be a trustee at the election of his client, who is entitled to the benefit of the transaction. *Hawkes* v. *Lackey*, 207 Mass. 424, where the cases are collected. *Manheim* v. *Woods, ante,* 537.

The defense of laches, not having been pleaded, is not open. *Stewart* v. *Joyce*, 201 Mass. 301. But, if pleaded, we should hesitate long before holding that the delay of less than two years, where the plaintiff is shown to have been of foreign birth and unacquainted with our language, and during the time had implicit faith in the defendant's singleness of purpose and believed from his conduct and statements that he had acted in her behalf until he refused to recognize her rights and claimed the property as his own, when thereupon she brought suit, should bar relief in a court of conscience. *Sawyer* v. *Cook*, 188 Mass. 163.

Nor did the master or the judge err in refusing to allow the defendant interest on the purchase price. It is to be presumed that he knew the law, and, having acted to the disadvantage of the plaintiff, he should not be permitted to receive compensation

in the form of interest. *Morse* v. *Hill,* 136 Mass. 60. *Hayes* v. *Hall,* 188 Mass. 510. *Milwaukee & Minnesota Railroad* v. *Soutter,* 13 Wall. 517.

The exception to the admission of evidence, not having been argued, calls for no comment, and, finding no error of law in the refusals to rule as requested or in the master's report, the exceptions are overruled.

*So ordered.*