MICHAEL DUNNE & others *vs.* MAURICE F. CUNNINGHAM & another.

Suffolk. November 18, 19, 1919. — January 6, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Equity Pleading and Practice,* Parties. *Bankruptcy. Equity Jurisdiction,* Plaintiff must come into court with clean hands. *Wrongdoer without Remedy. Attorney at Law.*

A man and his wife, alleging that they owned the beneficial interest in certain real estate as tenants by the entirety, brought a suit in equity to enforce their rights against the purchaser at a sale in foreclosure of a mortgage of the premises. The man afterwards was adjudicated a bankrupt and his trustee in bankruptcy was admitted as a party plaintiff but took no part in the hearings in the suit. On an appeal by the plaintiffs from a final decree dismissing the suit, no argument was addressed to this court on behalf of the trustee as distinguished from the other plaintiff, and it *was said* that his rights need not be separately considered.

The suit above described was to compel a reconveyance of the premises to the plaintiffs by one who had acquired title through a sale in foreclosure of a mortgage. It appeared that, previous to the foreclosure sale, the original plaintiffs had conveyed the real estate in question to a third person, who had conveyed it to a fourth person, and the plaintiffs contended that they still owned the beneficial interest in the property. The first grantee had died. The second grantee was not a party to the suit. The suit was dismissed and the plaintiffs appealed. *Held,* that, at the time of the sale the plaintiffs had no right to redeem from the mortgage, and that, the rights of the grantees not being represented in the suit, the suit properly was dismissed.

In the suit above described, it appeared that the conveyances to the successive grantees were made in order to hinder, defeat or defraud the creditors of one of the plaintiffs, and it was *held,* that the plaintiffs therefore could have no relief in equity.

A suit in equity by the owner of the beneficial interest in certain real estate against an attorney at law who purchased it at a sale in foreclosure of a mortgage, to compel the defendant to reconvey the property to the plaintiff and to account for the rents and profits on the ground that he purchased the property as a fiduciary for the plaintiff, cannot be maintained where it appears that the plaintiff and the defendant agreed that the defendant should buy the property and own it absolutely and that the plaintiff was willing that this should be done in order that thereby the defendant might get pay for services as attorney rendered to the plaintiff; that there was no agreement that the defendant should hold the property for the plaintiff; that the plaintiff did not depend upon the defendant to act for him in connection with the sale; that the plaintiff

did not refrain from taking steps to protect his own interests in the matter by reason of anything said or done by the defendant, and that the plaintiff did not pay any part of the consideration, all of which was paid by the defendant.

BILL IN EQUITY, filed in the Superior Court on April 11, 1916, wherein the plaintiffs alleged that the defendant Cunningham, in bad faith, while acting as attorney for the plaintiffs, had purchased certain real estate in Malden, a beneficial interest in which was owned by the plaintiffs as tenants by the entirety, and that the title thus acquired had come through mesne conveyances to the defendant Emily L. Tracy. The prayers of the bill were that a reconveyance of the property to the plaintiffs be ordered, and for an accounting.

By an order of the District Court of the United States for the District of Massachusetts, made on motion of a creditor of Michael Dunne, Lloyd Makepeace, trustee in bankruptcy of Michael Dunne, moved to be admitted as a party plaintiff. His motion was granted on December 21, 1916.

The suit was referred to a master. It appeared that the sale at which the defendant Cunningham purchased the property was in foreclosure of a second mortgage upon the premises and that at that time the premises also were subject to a third and a fourth mortgage. Other material facts found by the master are described in the opinion.

The plaintiffs filed no objections nor exceptions to the master's report. By order of *Jenney,* J., the report was confirmed and a final decree was entered dismissing the bill. The plaintiffs appealed.

*C. F. Perkins & H. C. Haskell,* for the plaintiffs.

*D. E. Hall,* (*C. J. Muldoon, Jr.,* with him,) for the defendants.

RUGG, C. J. This is a suit in equity brought originally by Michael and Mary Dunne, husband and wife, and filed April 11, 1916. The defendant Cunningham is an attorney at law. The purpose of the suit is to secure a reconveyance of real estate conveyed to Cunningham under a foreclosure of a mortgage, the record title now being held by the defendant Tracy, on the ground that it was obtained by Cunningham through a breach of the trust reposed in him as their attorney by the plaintiffs. For convenience Cunningham will hereafter be referred to as the defendant.

Michael Dunne was adjudicated a bankrupt in June, 1913, and his trustee was joined as a plaintiff in this suit in December, 1916. The master reports that he "did not appear in these proceedings, and, so far as appears, has made no claim or demand upon the defendant in connection with any of the matters" set forth in his report. It must be assumed that this means that he did not appear in the hearings because manifestly he had appeared of record. The appeal is in behalf of all the plaintiffs and the brief is so signed. Whether the trustee in bankruptcy was of opinion that there was no ground for seeking a reconveyance from the defendant on the merits of the transaction or that his rights were affected by reason of the tenancy by the entirety of the plaintiffs, *Hoag* v. *Hoag*, 213 Mass. 50, *Palmer* v. *Treasurer & Receiver General*, 222 Mass. 263, need not be inquired. No argument has been addressed to us in behalf of the trustee as distinguished from the other two plaintiffs and his rights need not be separately considered. For convenience the word "plaintiffs" will be used herein as indicating Michael and Mary Dunne.

The case was referred to a master. The plaintiffs took no exceptions to his report. Those of the defendant were overruled by an interlocutory decree, which also confirmed the master's report and from which no appeal was taken. From a final decree dismissing the bill the plaintiffs appealed. The evidence is not reported. The facts found by the master must be taken as true. The only question is whether the final decree was warranted by the pleadings and the report of the master. *Harrigan* v. *Dodge*, 216 Mass. 461.

The plaintiffs, being the owners of the parcel of real estate in question, deeded it in November, 1910, to Bridget Dunne and after several conveyances the record title stood in the name of Christina O'Toole. The master has found that the purpose of these conveyances was to avoid the possibility that the land might be available for creditors of Michael Dunne. Christina O'Toole held the record title from February, 1912, until the foreclosure. The master has found that she held title to the property for the plaintiffs. She has not been made a party to the suit. The conveyance by the plaintiffs to her in fraud of the creditors of Michael was good as between the parties, upon familiar principles. *Clapp* v. *Tirrell*, 20 Pick. 247, 250. *Dyer* v. *Homer*, 22 Pick. 253, 256. *Pollock* v.

*Pollock,* 223 Mass. 382, 385. *Lufkin* v. *Jakeman,* 188 Mass. 528, 532. It is plain that the plaintiffs on the record had no title to the premises at the time of the foreclosure and no right to redeem. The rights of Christina O'Toole to the equity of redemption cannot be adjudicated in a suit to which she is not a party. Bridget Dunne has died and her heirs are not parties hereto. This ground is conclusive against the right of the plaintiffs to recover in this suit.

The plaintiffs cannot show any right or title in themselves without showing first the conveyances of this property in fraud of creditors. Manifestly no relief can be afforded on this ground for they do not come into court with clean hands.

The contention of the plaintiffs is that the defendant, being their attorney, was guilty of a want of fidelity to their interests and used his position to acquire their property in his own name to his own profit. The price he paid was substantially less than its real value. He has refused to reconvey it and contends that he was a purchaser in his own right. The master found that Michael Dunne and the defendant agreed that the latter should buy the property and own it absolutely and that Dunne was willing that he should do so in order that thereby he, Mr. Cunningham, might get pay for services rendered to the plaintiffs as attorney. There is a further express finding that there was no agreement that the defendant should hold the property, if bought by him, for the benefit of either of the plaintiffs, although the defendant did give Michael Dunne to understand that he would be assisted in bankruptcy. The defendant appears to have done all that under the findings of the master he agreed to do to aid the plaintiffs or either of them. However that may be, there is no finding that in connection with the foreclosure sale the defendant acted or promised to act for either of the plaintiffs.

The relation of attorney and client is highly fiduciary in its nature. The attorney is not permitted to take any advantage of his client. The principles holding him to a conspicuous degree of faithfulness and forbidding him to take any personal advantage of his client are well established and have recently been fully stated and rigorously applied. *Manheim* v. *Woods,* 213 Mass. 537. *Kelly* v. *Allin,* 212 Mass. 327. *Rolikatis* v. *Lovett,* 213 Mass. 545. *Arnold* v. *Maxwell,* 223 Mass. 47. *Hill* v. *Hall,* 191 Mass. 253.

*Boston Bar Association* v. *Hale,* 197 Mass. 423, 437. They are recognized as binding in all their amplitude. It is not now necessary to enlarge upon them further. The facts here found do not bring the case at bar within their sweep.

The master finds that up to the time of the foreclosure the defendant acted with absolute fidelity to the plaintiffs as clients. This relation had chiefly grown out of business entanglements of the plaintiff Michael with his creditors and had involved work covering a period of nearly three years for which he had received no compensation, but which, including services in connection with bankruptcy, were worth $500.

The plaintiffs did not depend upon the defendant to act for them in connection with the foreclosure. They did not refrain from taking steps to protect their own interests in the matter by reason of anything said or done by him. All the mortgages upon the property amounted to almost as much as its value. They paid no part of the consideration all of which was paid by the defendant. Under all the circumstances it cannot quite be said that the defendant held the title in trust for the plaintiffs. *Collins* v. *Sullivan,* 135 Mass. 461. *Bourke* v. *Callanan,* 160 Mass. 195. *Kennerson* v. *Nash,* 208 Mass. 393. *Carter* v. *Exchange Trust Co.* 220 Mass. 543.

*Decree affirmed.*