ADAH W. FEENEY, Appellee, *vs.* EBEN F. RUNYAN *et al.*—
(DANIEL B. WILLIAMS, Appellant.)

*Opinion filed February 17, 1925—Rehearing denied April 14, 1925.*

1. DEEDS—*devisee may set aside deeds secured by fraud from devisor.* A devisee to whom a testatrix has given all lands owned by her at the time of her death is entitled to prosecute a suit to set aside deeds secured from the testatrix by fraud practiced upon her by one to whom she sustained a confidential or fiduciary relation.

2. SAME—*when a fiduciary relation exists.* A fiduciary relation exists in all cases in which confidence is reposed on one side and a resulting superiority and influence is maintained on the other, and, whether the origin of the relation be legal, moral, social, domestic or merely personal, if the relation is confidential or fiduciary equity will regard the dealings between the parties according to the rules which apply to such relation.

3. SAME—*burden is on fiduciary receiving deed to prove transaction was fair.* Where a party receiving deeds is shown to sustain a fiduciary relation to the grantor the burden is on the grantee to show that the transaction was fair and equitable and that the price paid was adequate, as fraud vitiates the transaction, whether the fraud be actual and intentional or merely constructive.

4. SAME—*what should be credited to grantee in decree setting aside deeds for fraud.* Where deeds are set aside because of fraud arising out of a fiduciary relation which the grantee sustained to the grantor the decree should credit the grantee with any cash payment made at the time of the transaction and with principal and interest subsequently paid on notes given for the deeds and the notes should be directed to be returned to him, but he is not entitled to recover interest on the sums paid in cash.

5. SAME—*decree setting aside deeds should not determine matters not in issue.* A decree setting aside deeds for fraud should not award the complainant the payment of a sum of money involved in a transaction as to which there is no allegation in the bill and should not make any findings without either allegation or proof to support them.

6. SAME—*when grantee is not entitled to be reimbursed for expenditures.* A grantee who obtains a deed by abuse of the confidential relation existing between him and the grantor occupies the position of a trustee *in invitum,* and, as it is his duty to convey

at once the property to the beneficial owner, obligations incurred by him while holding the property wrongfully obtained are of his own making, and he cannot be reimbursed therefor when the deed is set aside.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

LEESMAN & ROEMER, and ERNEST W. CLARK, for appellant.

CHARLES J. TRAINOR, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Adah W. Feeney, the residuary legatee and devisee under the will of Williamina Chalifoux, deceased, filed her bill in the superior court of Cook county alleging that she is the owner of a lot improved with a flat-building, known as No. 2438 West Chicago avenue, Chicago, and a lot improved with a dwelling in the village of Arlington Heights; that these lands were devised to her by the will of Mrs. Chalifoux; that prior to the death of testatrix Daniel B. Williams, appellant, was the business manager and confidential adviser of testatrix; that in violation of the confidence reposed in him, Williams secured the transfer of the lands in question and now claims to be the owner of the same under deeds executed by Mrs. Chalifoux a short time prior to her death; that he delivered to Mrs. Chalifoux in payment for said lands his personal notes for $7000 and $500 in cash; that since the death of Mrs. Chalifoux he has conveyed the Chicago property to secure a loan to him of $3000; that since her death he has sold the equity in the Arlington Heights property for $1500. She prays that Williams be decreed to pay to her the $1500 received from the sale of the Arlington Heights property, to deed to her the Chicago property subject to the trust deed for $3000,

and to pay to her $3000 and all the moneys received as rent from said properties. Eben F. Runyan, executor of the will of Mrs. Chalifoux, who has in his possession the notes given by Williams, was made defendant to the bill. Answers were filed and the cause was referred to a master in chancery for hearing. The master reported, recommending a decree in accordance with the prayer of the bill. The chancellor entered a decree finding that appellee is the daughter and legal heir of Williamina Chalifoux; that under the will of Mrs. Chalifoux appellee is entitled to all the real estate owned by testatrix at the time of her death, free from the charge of the specific legacies named in the will; that Williams was the business manager and confidential adviser of Mrs. Chalifoux during the last five years of her life; that at the time of her death Mrs. Chalifoux was a widow, about eighty-one years of age; that Williams secured from her by abuse of the confidential relation existing between them, deeds to the Chicago and the Arlington Heights properties; that he gave her in payment for the properties his unsecured notes in the sum of $7000 and $500 in cash; that December 1, 1920, he paid a $500 note and $255 interest; that June 1, 1921, he paid a $500 note and $240 interest; that December 1, 1921, he paid a $500 note and $225 interest; that in addition to the notes given by Williams in payment for the property conveyed, she also held an unsecured note for $1500 for money loaned to him; that he received $1250 cash from the sale of the Arlington Heights property, and received rent from said property at $15 a month for the months of June, July and August, 1920; that he has received from the Chicago property rent at $60 a month, aggregating $1080, up to and including December 1, 1921; that he charged on his books commissions amounting to $415 for the sale of the properties sold to himself; that he borrowed for his own use $3000 and secured the same by a trust deed on the Chicago property; that the transfers were fraudulent and he holds the

lands and the proceeds therefrom in trust for the heirs and devisees of Mrs. Chalifoux. The decree orders the conveyance of the Chicago property to appellee and orders the payment to her by Williams of $4430. The decree itemizes the cash items to be paid as follows: $3000 loaned on Chicago property; $45 rent from Arlington Heights property; $1080 rent from Chicago property; $1500 loan formerly secured by deed to some Indiana property. From this decree Williams has prosecuted an appeal to this court.

Appellant's first contention is that appellee has no right to prosecute this suit to set aside the deeds secured by fraud from her devisor. This question has been decided adversely to appellant's contention. (*Warner* v. *Flack,* 278 Ill. 303; *Rickman* v. *Meier,* 213 id. 507.) It would be a defect in the law if there were no remedy against an agent who, having procured his principal's property unfairly by taking advantage of his confidence, has succeeded in retaining it by the same means until his principal's death. Whether the lands devised to appellee under the will of Mrs. Chalifoux are charged with the payment of the specific legacies or not, the title to all the lands owned by Mrs. Chalifoux at the time of her death is by the will conveyed to appellee, and under the authorities cited she is entitled to prosecute this suit to set aside a deed to the lands conveyed which has been procured by fraud.

Appellant's next contention is that the evidence in the record does not show the existence of a fiduciary relation between himself and Mrs. Chalifoux and that it does not show that the conveyances were procured by his solicitation. A fiduciary relation exists in all cases in which there is confidence reposed on one side and a resulting superiority and influence on the other. The origin of the relation is immaterial. It may be legal, moral, social, domestic or merely personal. If the confidence in fact exists and is reposed by the one party and accepted by the other the relation is fiduciary and equity will regard dealings between

the parties according to the rules which apply to such relation. (*Higgins* v. *Chicago Title and Trust Co.* 312 Ill. 11; *Beach* v. *Wilton,* 244 id. 413.) In this case the evidence shows that Williams transacted all of Mrs. Chalifoux's business during the last few years of her life; that she turned over to him more than $20,000 in securities, to be used by him as collateral to secure his personal loans; that he dealt with these securities as his own; that she called at his office from one to three times a week and that he called at her home as often; that she entertained him at her home and that he frequently took her out to dinner and to theaters. The evidence fully supports the finding in the decree that a fiduciary relation existed. The relation being established, the burden rests upon the beneficiary of the act to show that the actor acted of her own volition or on independent advice. (*Thomas* v. *Whitney,* 186 Ill. 225.) The burden was on Williams to show that the transaction was fair and equitable and that the price paid was adequate. (*Willin* v. *Burdette,* 172 Ill. 117; *Morrison* v. *Smith,* 130 id. 304; *Jennings* v. *McConnel,* 17 id. 148.) It is not necessary that actual and intentional fraud be established. (*Dowie* v. *Driscoll,* 203 Ill. 480.) When the fraud is shown, it is no less fraudulent, either in law or morals, because it is constructive. In either case the act constituting the fraud is the obtaining of the actor's property by means which the law deems fraudulent. Because of the advantages he possesses by reason of the confidential relation and the duties it places upon him, the dominating character, in whom the actor reposes confidence because of the confidential relation, has the burden of proving that the transaction between him and the actor was fair and equitable when the issue arises. This Williams has failed to do. He has not proved nor offered to prove the value of the property conveyed to him. He has not proved nor offered to prove that the unsecured personal notes which he gave in payment for the property were of full or any value. The fact that he sold for $1250

an equity for which he paid $1000 does not prove or tend to prove that the equity was worth $1250. The sale was his own act and appellee was not bound by the price he fixed. Nor does the fact that the testatrix, before the execution of the deeds, told two of appellant's employees that she wanted to sell the properties because they were a burden to her and she was not receiving any net income from them show that the sale was her voluntary act. These declarations only exhibit what notions induced her to take the course she did. There is no showing that these notions were not the result of influences which were improper. Appellant having failed to show that the transaction was fair and equitable and the consideration for the conveyance adequate, the chancellor properly decreed that he account for the property and the profits therefrom.

Appellant's contention that the court erred in decreeing the payment to appellee of the $1500 evidenced by a note formerly secured by warranty deed to the Indiana property must be sustained. There is no allegation in the bill which authorizes this part of the decree, and, furthermore, it is a part of the personal property of Mrs. Chalifoux and belongs to her personal representative.

Appellant also objects to the amount which he is decreed to pay in money. The decree is ambiguous and in many respects contradictory and many of its findings have no basis in the pleadings or in the proof. The total of the items enumerated to be paid by appellant is $5625 but the amount decreed to be paid is $4430. We are unable to determine from the findings of the decree or from the record by what process this amount is determined. As we view the record, appellant is obligated to pay to appellee the $3000 borrowed against the Chicago property and all interest accrued and unpaid on the same to the date of the decree; the $1250 received from the sale of the equity in the Arlington Heights property, with interest from the date of receipt of the money to the date of the decree; $25

rent for the Arlington Heights property, being rent for the month of June and the first twenty-two days in July, with interest thereon at the legal rate from the dates of receipt to the date of the decree; and $1080 rent collected from the Chicago property between June, 1920, and December, 1921, and such other sums, if any, collected by him as rent subsequent to the latter date, with interest thereon at the legal rate from the dates of receipt to the date of the decree. He is entitled to be credited with the $500 cash payment, the $1500 principal, and the $720 interest paid on the notes given in payment for the property. He claims the right to recover interest on the amounts he has paid in cash, but the law is well settled that he is not entitled to receive such compensation. (*Rolikatis* v. *Lovett,* 213 Mass. 545, 100 N. E. 748.) Nor is he entitled to be reimbursed for expenditures made for maintenance of the property or taxes, as he contends. In the first place, he has not proved that such expenditures were made; and in the second place, in the case of a trustee *in invitum* it is his duty to convey at once the property wrongfully obtained to the beneficial owner, and whatever obligations are incurred while he wrongfully retains it are obligations of his own making. In addition to the order directing Williams to deed to appellee the Chicago property there should have been an order in the decree directing the executor to return to Williams the unpaid notes given by him in payment for the property in question.

Inasmuch as the decree must be reversed for the reasons assigned, we think it proper to call attention to the fact that the decree makes two findings without either allegation or proof to support them. The first is, that appellee is the daughter and legal heir of Williamina Chalifoux; and the second is, that the real estate devised to appellee under the residuary clause of Mrs. Chalifoux's will is not charged with the payment of the specific legacies set forth

in clause 3 of the will. Neither of these matters is in issue in this case, and the findings on these matters not in issue have no place in the decree.

The decree is reversed and the cause is remanded to the superior court of Cook county, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*