*Northern District*

No. 5043

## CHESTER RUDNICKI

v.

## MICHAEL NEEDLE

(July 29, 1957)

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

Case tried to COMERFORD, SP. J., in the Municipal Court of Brighton. No. 368 of 1955.

*(This opinion has been abridged.)*

*Northrup, J.* This is an action of contract or tort to recover damages for alleged malpractice and negligence by the defendant, an attorney at law, in the handling of certain legal matters for the plaintiff. The defendant in his answer denied generally and specifically any malpractice or negligence on his part and also set up a release given by the plaintiff to the defendant. The defendant also filed a declaration

in set-off on an account annexed claiming a balance of $549.50 for legal services rendered the plaintiff. The plaintiff (defendant in set-off) filed a general denial, plea of payment and allegations of malpractice and negligence as his answer to the defendant's declaration in set-off.

The court found for the defendant in the original action and for the plaintiff in set-off.

*At the trial there was evidence tending to show* that the defendant acted as attorney for the plaintiff in the following seven (7) cases:

1. JOHN DE FRANCESCO v. CHESTER RUDNICKI. On disputed testimony, the court found the fair and reasonable fee, to which the present defendant was entitled for his services in representing the defendant Rudnicki in that case was $350.00 and allowed that amount to the plaintiff in set-off.

2. CHESTER RUDNICKI v. JOHN DE FRANCESCO ET UX. The court on disputed testimony allowed the defendant herein the full amount of $125 claimed for services and $14.50 expenses.

3. CHESTER RUDNICKI v. CARMELA DE FRANCESCO. The court allowed the defendant herein $50.00 for services rendered as attorney in that case.

4. CHESTER RUDNICKI v. JAMES CROWLEY. The trial court in the case at bar found that Needle was entitled to the amount charged of $50 a day for his services as attorney in that case plus expenses.

5. NEW ENGLAND CONSTRUCTION CO. OF SOMERVILLE v. CHESTER RUDNICKI. For his services as attorney in that supplementary proceeding, the trial court in the case at bar allowed the defendant Needle $25.00.

6. CHESTER RUDNICKI v. RICHARDSON HOME MODERNIZING COMPANY. This was an

action to recover for labor performed. After a trial and a finding for the plaintiff, the plaintiff herein complained that Needle had not brought suit on the contract as instructed and also that Needle had neglected to claim interest. Needle testified that he did not claim interest because Rudnicki had not made a demand upon the Richardson Home Modernizing Company so as to cause interest to accrue. Judgment and execution issued for the plaintiff in the sum of $225 damages and $14.50 costs or a total of $239.50. The judgment was collected by Needle's constable but the execution was not immediately returned to court by said constable. It was later returned by Needle. Needle had not entered the date of receipt of the monies in his records. The plaintiff complained that Needle retained the $239.50 collected, made a charge of $100 for his services and applied the remainder to other charges for legal services which Rudnicki owed him. Needle notified the plaintiff of his disposition of the monies from this case. The court found that the defendant erred as to the distribution of this fund but that the error was not to the extent of having committed an act of malpractice; that the defendant Needle was entitled to $100.00 for his services; and that outside of erring as aforesaid he conducted himself properly as attorney for plaintiff herein and that he committed no breach of duty as such attorney.

7. STACK v. BUDREWIEZ. The charge made by Needle for his services in that case was $100.00 which amount the trial court found was fair and reasonable.

At the close of the evidence in the case at bar, and before final argument the plaintiff filed thirty-four (34) requests for rulings. The court allowed the plaintiff's requests for rulings numbered 1 to 7 inclusive, No. 10, No. 15 with statement not applicable to the facts, 17, 18 and 19, 22 and 23 and in allowing 26 and 29 stated "not applicable to

the facts." He denied 20, 21, 24, 25, 28, 30, and
34; except for the first and last of these denied he
added the statement "not applicable to the facts;"
after denying No. 20 he stated "Counsel is in
command of the conduct of the trial. Client may
make suggestions. However if counsel refuses to
follow client's advice in matter of trial the client
should pay counsel off and employ more pliable
counsel". His comment or statement as to No. 34
was "This is a matter for Counsel alone to decide".

The court held plaintiff's requests for rulings
No. 27, 31, 32, 33, as statements of matters of fact
and made no other ruling as to these except that
as to No. 32 he stated: "Doubtless counsel would be
glad to inform client of method of collection.
Lawyers would have to hire more rooms to keep
clients at hand for consent or denial."

The court found for the defendant and apparently
also for the plaintiff in set-off. The claim of aggrieve-
ment by the plaintiff as such, and also as defendant
in set-off, is stated in the report to be to "the find-
ings and rulings given or refused as hereinfore
stated."

In considering the trial court's findings, rul-
ings and refusals to rule, we follow the procedure
suggested in *Hietala v. B & A RR.*, 295 Mass. 195
where the court said: "When so many requests are
filed, in a case like the present, a party may expect
adequate consideration of them, but not detailed dis-
cussion in an opinion." We have thus considered all
of the court's findings, rulings and refusals to rule
which are properly before us and find no prejudicial
error.

We have not considered plaintiff's requests
Nos. 8, 9, 11, 12, 13, 14, and 16 for the reason that
the report contains no statement as to the rulings of
the trial court on these requests or to the action taken
by the trial court, if any with respect to the same.

The refusal of a trial court to act upon requests

for rulings is generally considered in effect a denial of the same. *Kravetz v. Lipofsky,* 294 Mass. 80, 84. However this principle is not applicable to the case at bar for the reason that the report does not state that the trial court refused to act upon the plaintiff's said request. Furthermore if such refusal can be considered as established by inference, the report shows no objection by the plaintiff to the court's refusal to act upon the same. The plaintiff's request for report is not set forth in the report and the only claim of aggrievement by the plaintiff to the court's findings, rulings and refusals to rule is set forth in the final paragraph of the report on page 40 which reads as follows:

"The plaintiff who is also the defendant in set-off, claiming to be aggrieved by the findings and rulings given or refused as hereinfore stated, I hereby report the same to the Appellate Division for determination."

According to the report, the plaintiff's only claim of aggrievement is to the court's findings, rulings and refusals to rule *as stated in the report.* In the absence of any statement as to the court's action or refusal to act on these requests no question of law is properly raised with respect to the same and non-compliance with Rule 28 precludes us from considering them. We also have not considered plaintiff's request No. 21 for the reason that this request was apparently inadvertently omitted from the report and without knowing the substance of the request, we have no way of passing upon the correctness of the court's ruling denying the same.

The plaintiff's brief is devoted primarily to the argument that the trial court should have found on the evidence that the defendant Needle was guilty of malpractice and negligence as alleged; that the weight of the evidence was in favor of the plaintiff's contention and that the general findings for the defendant and plaintiff in set-off were not warranted.

The trial court made a specific finding that the defendant Needle as attorney in each and every case which the defendant handled as counsel for the plaintiff, conducted himself as attorney at law according to the law as cited in *Dunne v. Cunningham*, 234 Mass. 332 and that he committed no breach of the duty which he owed the plaintiff as such attorney. Such findings, so far as they are findings of fact, are not proper subjects of review. *Dillon v. Framingham*, 288 Mass. 511, 513; *Bresnick v. Heath*, 292 Mass. 293, 296; *MacDonald v. Adamian*, 294 Mass. 187, 190; *Dolham v. Peterson*, 297 Mass. 479, 481; *James B. Rendle Co. v. Conley & Daggett, Inc.*, 313 Mass. 712. It should be noted also that the question of whether the evidence and the findings of special facts warrant, or are sufficient to support, the general finding for the defendant (and the plaintiff in set-off) has not been raised by the plaintiff in any of his requests for rulings and the same is therefore not subject to review by this Court.

Furthermore the question of whether there is an inconsistency between the findings of special facts and the general findings for the defendant (and plaintiff in set-off), which we do not intimate, also has not been properly raised by the plaintiff for the reason that the remedy in such cases is a motion for correction of the general finding or a motion for a new trial. Such procedure was not adopted by the plaintiff in this case and the question is therefore not properly before us. *Duralith Corp. v. Leonard*, 274 Mass. 397, 401; *DiLorenzo v. Atlantic National Bank*, 278 Mass. 321, 324; *Memishian v. Phipps*, 311 Mass. 521, 525; *Langdoc v. Gevaert Co. of America*, 315 Mass. 8, 12; *Low Supply Co. v. Pappacostopoulous*, 283 Mass. 633, 635; *Korb v. Albany Carpet Co.*, 301 Mass. 317, 318; *Canton v. Winslow Bros. and Smith Co.*, 309 Mass. 150, 154.

It follows therefore that the plaintiff's claim, that the trial court on the evidence and on its findings of

special facts should have made a finding of malpractice and negligence on the part of the defendant, is not before us and the plaintiff's contention to that effect is not open to consideration by this court.

It is apparent also from the report that the trial court understood and correctly charged itself as to the law in the case. The court specifically referred to *Dunne v. Cunningham, Supra* which correctly sets forth the duties and obligations of an attorney at law toward a client whom he represents. In that case the court said at page 335:

"The relation of attorney and client is highly fiduciary in its nature. The attorney is not permitted to take any advantage of his client. The principles holding him to a conspicious degree of faithfulness and forbidding him to take any personal advantage of his client are well established and have recently been fully stated and rigorously applied * * * * * * They are recognized as binding in all their amplitude."

There being no prejudicial error in the Court's said rulings and refusals to rule, *the report is ordered dismissed.*

Halice Korelitz, for the plaintiff.
Pro se, for the defendant.