DANIEL F. SHEEHAN, JR., *vs.* EDWARD S. OBEY. MAURICE S. GLASER, intervener. January 30, 1964. Decree affirmed with costs of appeal. The plaintiff (Sheehan) brought this bill in equity pursuant to a sealed instrument to enjoin the defendant (Obey) from levying on certain property on which he had an attachment and to compel him to release the attachment. The intervener sought to levy on Sheehan's interest in the property in order to satisfy a debt for legal fees owed to him by Obey. The judge of the Superior Court denied Sheehan relief on the grounds that he as well as Obey had "both been guilty of inequitable conduct" and had "failed to come into equity with clean hands." The case was referred to a master. He found, among other facts, that the instant suit arose out of another suit (Suffolk Eq. No. 76768). In that proceeding Obey "obtained a final decree . . . against" Sheehan, from which decree Sheehan appealed to this court. Thereafter, on September 11, 1961, the day of the Jewish New Year, Sheehan and Obey signed a document under seal entitled "Release." By its terms, Sheehan agreed to pay Obey a sum of money and to withdraw his appeal; Obey agreed to release Sheehan from all liability to him arising out of that suit and to release all attachments on Sheehan's property. The intervener is an attorney of the Jewish faith who had represented Obey in the original suit (Suffolk Eq. No. 76768). Sheehan knew of the attorney-client relationship but the intervener was not notified

by Sheehan, Sheehan's attorney, or Obey of the proposed release or of the meeting at which it was signed.  The intervener was not present at the meeting, but Sheehan's attorneys were.  Sheehan substantially performed his obligations under the release, but Obey refused to remove the attachment on Sheehan's real estate.  The intervener is entitled to $1,614 for his services to Obey, and it is "extremely doubtful" that Obey has any assets "reachable at law."  We need not determine whether these facts justify an inference, contrary to the finding of the master, that Sheehan participated in a conspiracy to defraud the intervener of his rightful fee.  We are satisfied that Sheehan's conduct justified the denial of equitable relief. See *Dunne* v. *Cunningham,* 234 Mass. 332, 335–336; *Buckley* v. *John,* 314 Mass. 719, 727.  The intervener is entitled to have the release set aside to the extent necessary to satisfy his claim.  *Buckley* v. *John, supra.*

*Mitchell G. Hadge* for the plaintiff.

*Maurice S. Glaser,* intervener, pro se.

No argument or brief for the defendant.